FRANK D. FOLLANSBEE

*v.*

MAYOR AND ALDERMEN OF JERSEY CITY et al.

[Decided March 16th, 1925.]

Where a municipality takes proceedings to condemn real estate for public purposes, the same being in the possession of a lessee, and later abandons the condemnation proceedings, and agrees with the owner of the land for the purchase thereof, and receives a deed therefor from him, and pays the consideration agreed upon between them to the owner, such deed does not in any way affect the rights of the lessee in said premises, but merely passes the right, title and interest of the lessor in the land conveyed.

---

On appeal from a decree in chancery advised by Vice-Chancellor Bentley.

489

*Messrs. Darling, Barnes & Dowden,* for the Darling Realty Corporation, appellant.

*Mr. Thomas J. Brogan,* for the city of Jersey City, respondent.

*Messrs. Fisk & Fisk,* for Follansbee, respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, Frank D. Follansbee, was the lessee of certain property located on Bergen avenue, in the city of Jersey City, for a term expiring in the year 1928; the owner of the property, and the complainant's lessor, being the Darling Realty Corporation, the present appellant. The city of Jersey City, having resolved to widen that portion of Bergen avenue upon which this property fronted, passed an ordinance for that purpose, and thereafter sought to acquire by condemnation so much thereof as was required for the proposed widening of the street. Both the owner and the lessee were given notice by the municipality of its purpose to acquire this strip of land, and were each of them afforded a hearing before the assessment commissioners with relation to the value of their respective interests in the land to be taken; the commissioners being the statutory agents in the condemnation proceedings. As a result of this hearing an award was made to the Darling Realty Corporation of $58,565, the land taken being valued at $25,000, the buildings at $28,000, and the cost of removing the buildings being fixed at $5,565. No award, however, was made to Follansbee, the owner of the leasehold interest in the land taken. At the same time that the award was made to the Darling corporation the assessment commissioners deducted from that amount the sum of $19,050, which they assessed against the owner of the property for the benefit received by the remaining portion thereof through the widening of Bergen avenue. The

Darling corporation, considering that this assessment for benefits was grossly excessive, appealed therefrom to the circuit court of Hudson county, and while the appeal was pending the municipal authorities, on the one hand, and the Darling corporation, on the other, adjusted and settled their differences with relation to the assessment, with a result that the city agreed to accept from the Darling corporation a conveyance of the land proposed to be taken, and to pay therefor a consideration of $53,000. This offer having been accepted by the Darling corporation, the contract of sale was thereupon executed by the delivery to the municipality by the Darling corporation of a deed conveying all its right, title and interest in the land involved in the condemnation proceedings, and the payment to the Darling corporation by the municipality of the sum of $53,000 as a consideration for that conveyance. The matters in controversy between these two parties having been settled in the way indicated, the municipality thereupon notified Follansbee to quit the possession of the premises, threatening to eject him therefrom unless he left voluntarily. Follansbee thereupon filed the bill in the present case against the municipality and the Darling Realty Corporation, as co-defendants, setting up the institution of the condemnation proceedings, averring that, as a result thereof, the assessment commissioners had awarded the Darling corporation the full value of the premises sought to be condemned—namely, $53,000—and that the municipality had paid the amount of that award to the Darling corporation for his and its benefit, as their interests might appear, and praying a decree compelling the Darling corporation to pay over to him out of the amount awarded to it the value of his leasehold interest; or, in the alternative, to compel the municipality to pay him that value as a prerequisite to its taking possession of the property held by him under the lease.

Upon the hearing before the learned vice-chancellor, the proofs submitted satisfied him that the amount paid to the Darling corporation by the municipality was the full, fair value of the whole property which was condemned; that it

represented the interest in that property both of the lessor and the lessee; that the realty corporation had received it in full settlement of the interests which it and its lessee had in the property; and, as a result of this conclusion, he directed the Darling corporation to pay to the defendant the value of this leasehold interest, which the court fixed at $6,120. From this decree the Darling corporation has appealed.

For the purpose of disposing of this appeal. it is not necessary to consider whether, under the facts found by the vice-chancellor, any ground for equitable relief appears; that is, whether, where the owner of land accepts from .the party acquiring it by condemnation proceedings not only the value of his interest therein, but also the value of the interest of his lessee, and holds so much of the moneys as represents the value of the lessee's interest for the latter's benefit, the amount of the value is to be fixed by a court of equity rather than by a jury in a court of law; and the reason why it is not necessary to determine this question is that the learned vice-chancellor, probably through the failure of counsel to impress the facts upon him, assumed that the moneys paid to the Darling corporation and received by it represented the compensation to be paid by a condemning agency for the acquisition of land through the exercise of the power of eminent domain, whereas the undisputed facts are (as has already been indicated) that the attempt to acquire the land in question by the exercise of the power of eminent domain was voluntarily abandoned by the condemning agency, after award made—so far as any interest of the owner thereof was concerned, and that in lieu thereof a contract for the purchase and sale of such interest was entered into between the parties, which, in due course, was executed by the delivery of a deed and the payment of the agreed-upon amount of purchase-money.    It is hardly necessary to point out that all that could pass under such a grant, and, in fact, as appears from the deed itself, all that was attempted to be passed thereby was the right, title and interest of the lessor in the land conveyed, leaving the leasehold interest of the complainant undisturbed.    Such a conveyance, even if purported to do

so, could not affect, much less extinguish, the interest of a lessee in the land, or deprive him of his right to the possession and enjoyment of his leasehold estate. The only way that right can be acquired by the municipality is either by purchase thereof from him or by proceedings to condemn it. It has not as yet been acquired by either method. Any attempt, therefore, on the part of the municipality to interfere with the possession and enjoyment of this property by Follansbee, as lessee, would be a mere trespass, which, if persisted in, would be enjoined by the court of chancery.

The decree appealed from, so far as it imposes upon the appellant, the Darling Realty Corporation, any obligation to pay over to the complainant, Follansbee, any part of the purchase-money received by it for the premises from the municipality of Jersey City will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.