STELLA REDFERN, Appellant, v. SAM REDFERN, Appellee.

No. 40652.

MAY 5, 1931.

Seerley, Clark & Hale and McCoid, McCoid & McCoid, for appellant.

Hirsch & Riepe and J. V. Gray, for appellee.

ALBERT, J.—On or about March 21, 1920, the defendant, Sam Redfern, a resident of Iowa in or near the town of Yarmouth, and the owner of the automobile hereinafter referred to, accompanied by Marguerite Wherry and Bessie Redfern, started on an automobile trip. They drove to Des Moines where plaintiff, who is a first cousin of the defendant, joined the party. They drove to Cedar Rapids and thence to Davenport which latter city was reached about 12 o'clock at night. They here crossed the Mississippi River into the State of Illinois and pursued a southerly course from Moline, on the east side of the river, about 20 miles to a point in the vicinity of the town of Reynolds where the accident occurred between 1 and 2 o'clock in the morning. Sam Redfern was driving the car and beside him in the front seat sat Miss Wherry, and the plaintiff sat on the right side of the same seat. Bessie Redfern was sitting in the rumble seat. Both Bessie Redfern and Marguerite Wherry testified that they were asleep at the time the accident occurred. Plaintiff testified:

"I guess I was asleep. I think I had my eyes shut and I

think I was dozing. I had my eyes closed at the time this thing happened. I don't know anything about the collision. I don't have any recollection until I came to."

She testified that the speed of the automobile, as recorded by the speedometer, was about 35 miles an hour the last time she looked which was some time before the accident. These three women and the defendant are the only witnesses who testified in the case as to material matters showing how the accident occurred. Plaintiff further testified that a short time prior to the accident, the defendant had his arm around Miss Wherry and "I saw Sam kiss her. I don't know where that was."

The accident resulted from the automobile's coming in contact with the abutment of a cement culvert on the highway on which the automobile was traveling.

The alleged negligence as set out in plaintiff's petition was that the defendant "either dozed off or was careless in the management of the machine;" and in that "the defendant was driving the car at an excessive rate of speed;" "in failing to keep the car under control;" "in failing to keep a proper lookout;" "in failing to direct the said car in a careful and prudent manner;" "in failing to avoid striking said abutment;" "in failing to keep awake while driving said car;" "in wilfully swerving said car from side to side of the highway at a high and excessive rate of speed."

The court instructed the jury that "negligence is the want of ordinary care and consists in the doing or omitting to do, under particular circumstances, that which a person of ordinary-prudence and caution would not have done or omitted under the same or similar circumstances," and in substance told the jury that the defendant must not only be negligent, but "reckless" in the operation of the car before he would be liable. In short, the instructions placed the burden upon the plaintiff to prove by a preponderance of the evidence that in addition to ordinary negligence, she must further prove that the defendant was guilty of reckless operation of the car before she could recover.

By reference to the synopsis of the allegations contained in the plaintiff's petition heretofore set out, it will be seen that these instructions do not follow the allegations of the petition. There is no charge whatever in said petition of reckless driving

of this automobile, and without such an allegation in plaintiff's petition, or alleged facts from which reckless operation necessarily followed, the instruction given would not be warranted.

Under a Michigan statute very similar to ours, liability existed only where the accident was caused by "the gross negligence or willful and wanton misconduct of the operator." On the question of pleading under that statute it is said: "To constitute a charge of gross negligence or wanton or willful misconduct, the facts lifting the owner's faults above ordinary negligence must be set out." Naudzius v. Lahr, 234 N. W. (Mich.) 581, l.c. 585. That this seems to be the general rule see: Bentson v. Brown, 203 N. W. (Wis.) 380; Good v. Schiltz, 218 N. W. (Wis.) 727; Taylor v. Lewis, 89 So. (Ala.) 581; Tognazzini v. Freeman, 123 Pac. (Cal.) 540; Walldren Express & Van Co. v. Krug, 126 N. E. (Ill.) 97.

It must follow of necessity that the plaintiff not having made a charge of recklessness, or not alleging facts from which a conclusion of recklessness necessarily followed, the court erred in stating in his instructions that in addition to negligence, the plaintiff must prove recklessness in order that she might recover.

II. It is insisted further, however, that what has become known as the "guest statute" in Iowa is applicable to this case. This statute is Section 5026-b1, Code, 1927, which reads as follows:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

A reading of this statute shows that in its enactment the legislature attempted primarily to take away liability for negligence of the driver of a car to his guest which this court and all other courts had previously recognized as a common law liability, and creates a liability of the driver to his guest in two instances only; first, "when the driver is under the influence of intoxicating liquor;" second, "because of the reckless operation by him of such motor vehicle."

■ Does this statute have any application in the case under consideration is the question which is learnedly and ably discussed by counsel on either side of the case. As before indicated, the tort occurred in Illinois where (so far as we know) there is no statute similar to our statute above set out. Its rule is that there is a common law liability for injuries occurring to a guest caused by the negligence of the driver of the automobile.

The books are full of cases and the law is well settled on the question of conflict of law between two jurisdictions where it is sought to bring into the local jurisdiction the law of the state where the tort was committed. Under these circumstances, it is abundantly settled in this state and all other states that where a tort is committed in a foreign state and an action is brought in another state for such tort, the law of the state where the case is pending, in so far as remedy is distinguished from substantive rights, is controlling. Hamilton v. Schoenberger, 47 Iowa, 385; Shaffer v. Bolander, 4 G. Greene (Iowa) 201; 12 C. J. 483 and note.

This matter, as conceded by counsel, narrows itself down to the question of whether or not the above-quoted Section 5026-b1 is a statute controlling the remedy, or whether it is substantive law. It is our opinion that it is substantive law and not legislation referring to or controlling the remedy. Prior to the enactment of this statute by our legislature, in common with all other states we recognized the common law liability where a guest was injured through the negligence of the driver of the car, and if, under such procedure, the driver was reckless, or was intoxicated while driving, such matters would be considered as negligence and nothing more. The statute above indicated took away all liability of the driver to the guest, and specifically made him liable only in two instances—where the accident occurred through reckless operation of the car, or where the driver was intoxicated. This statute purely marks out the guest's rights as distinguished from his remedies. Under the subject of remedies as distinguished from matters of substance, the form of the action or process, or the parties to the action, whether it shall be in law or equity, the sufficiency of the pleadings, whether the question is one of law or fact, the question of the burden of proof and the rules of evidence, are all questions under the general subject of remedy as distinguished from rights or matters of substance.

In Thomas v. Disbrow, 208 Iowa 873, we had under consideration this guest statute as to the time it went into effect and whether or not it was retrospective in its operation. In this discussion we said: "The statute was not one that pertained only to the remedy." This language was advisedly used in that opinion and while used in an argumentative way, the same result would not have been reached had the court been of the opinion that the statute referred only to the remedy, and we think it shows the intention of the court to hold that this statute has reference to substantive rights as distinguished from remedies.

It necessarily follows, therefore, that the above provision of our statute under consideration is in fact substantive legislation affecting and controlling rights as distinguished from remedies. As aforesaid, the effort here is not to bring with this tort from the State of Illinois its substantive law which, under the comity doctrine between states, should be recognized by this court, but is an effort to apply our substantive law to a tort committed in the State of Illinois. This can not be done. When this tort was committed in that state, the cause of action arose under the laws of the State of Illinois, and by that law the rights and liabilities of the parties must be determined in whatever court the action is brought. For instance, in the case of Hyde Adm. v. Wabash, St. L. & P. Ry. Co., 61 Iowa 441, the suit was in the Iowa Court in and for Mills county. Hyde, the deceased, was an employee of the railroad company and was killed while so employed in the State of Missouri. The administrator in an action for his death failed to show that under the Missouri law there was any liability, while under the Iowa statute under which it was sought to be sued, there was a liability. This court held that under such circumstances, the Iowa law which created the liability was not available to the plaintiff.

In Dorr Cattle Co. v. Des Moines National Bank, 127 Iowa 153, the suit was in the Iowa court for malicious prosecution of an attachment in Illinois, and the question was whether or not there could be recovery for injury to credit on the theory of speculative damages. The court said:

"The cause of action, however, arose in Illinois, and, as noted, a different rule prevails there. * * * Appellant argues

460

that the measure of damages pertains to the remedy, and therefore the *lex fori* should control. It is not questioned but that, if liable under the *lex loci delicti,* the defendant ought to be held liable here. The right to sue for the tort, the liability of the perpetrator, and the defenses that he may plead are, with few exceptions, governed by the law of the place. * * * It is likewise held that matters of procedure and the remedy to be applied are to be determined by the law of the forum. * * * But it is often difficult to discern whether a particular inquiry relates to the remedy or is a substantive right. The wrong inflicted, or the right invaded, on which the action is based, must not be confused with the redress which the law affords. For every wrong there is a remedy, says the maxim. 'The principal, and for the most part the only, available remedy which the law can give is an award of money, estimated as an equivalent for the damages suffered.' * * * Indeed, 'every action is brought to obtain some particular result, which is termed a remedy.' * * * The act complained of is always to be diagnosed in the light of the law of the place where committed, and its character determined according to that law; but the particular kind of and the extent of the remedy to be applied necessarily depends on the notions of justice entertained by the forum by which it is to be administered. The rule is like that pertaining to contracts. The *lex loci* determines their validity and meaning, but when found valid, and the true interpretation ascertained, the law of the forum steps in, and declares the time, mode, and extent of the remedy.''

In Brewster v. C. & N. W. Ry. Co., 114 Iowa 144, a servant of the defendant was killed by one of its trains in Illinois. We said:

''As the injury complained of happened in Illinois, the law of that State must necessarily govern. Hyde v. Railway Co., 61 Iowa 441; Morris v. Railway Co., 65 Iowa 727.''

In Dennick v. Central R. R. Co., 103 U. S. 11, an action was brought in the court of New York by the administrator to recover damages for the death of his intestate from an accident on the defendant railroad in the State of New Jersey. It was held the action could be maintained on the broad ground that the

action was transitory and might be maintained in any forum, and that the venue was immaterial.

There is no claim made in this case that the defendant was intoxicated at the time of the accident. There is no allegation in the petition of reckless driving, and in fact no evidence tending to support such an allegation if it existed. The Iowa guest statute therefore is not controlling and in fact is not to be considered in the determination of this case. The rights of the plaintiff and the liability of the defendant are to be determined under the law of the State of Illinois, and the remedies of the plaintiff for the enforcement of these rights are to be determined under the law of the State of Iowa. This being our conclusion in the matter, it follows that the court erred, as above pointed out, in the instruction given to the jury.

To summarize: The plaintiff's action is the ordinary action for common law negligence. The court in its instructions undertook to limit the plaintiff's right of recovery by reason of the guest statute of Iowa, above referred to, and thus prejudiced her rights. In so doing the court erred to her prejudice.

Another question discussed in the case is as to the admissibility of certain letters written by the defendant to Marguerite Wherry, offered by the plaintiff and rejected by the court. The plaintiff claims they should have been admitted on the ground that they contained matters which throw light on certain questions involved in this controversy.

We are quite satisfied that the court's ruling was correct on the offer of these letters except as to Exhibit 4, the contents of which are practically immaterial except the closing part of the letter which reads: "Well, Adios. Love and one kiss. This one won't hurt your teeth I don't believe." While not of much importance, it might be that the jury could draw an inference therefrom that it had reference to teeth which this girl had lost in the automobile accident in question, and in view of the fact that defendant testified that he did not kiss the girl.

For the reasons hereinbefore set out, the court erred in the trial of the case.—Reversed.

All Justices concur.