MARY DEUSCHER, Plaintiff, v. CHARLES J. CAMMERANO, Respondent, and HUMPHREY DIVISION RUUD MANUFACTURING COMPANY, Appellant, Impleaded with Another.

(Argued April 3, 1931; decided May 12, 1931.)

*Robert H. Charlton* for appellant. Section 211-a of the Civil Practice Act is a remedial statute and should be construed to apply to all cases wherein, after the statute took effect, a joint tort feasor has paid more than his *pro rata* share of a judgment for a personal injury or for property damage. (*First Nat. Bank* v. *Steel*, 136 Mich. 588; Civ. Prac. Act, §§ 2, 3; *Kille* v. *Reading Iron Works*, 134 Penn. St. 225; *Kuca* v. *Lehigh Valley Coal Co.*, 268 Penn. St. 163.)

*John C. MacCarthy* for respondent. In order for the right to contribution to accrue, there must be an antecedent equity or obligation springing up at the time of the original transaction that the joint obligors would bear the burden equally. (*Hard* v. *Mingle*, 141 App. Div. 170; 206 N. Y. 179; *Johnson* v. *Harvey*, 84 N. Y. 363; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Erving* v. *Earl of Winchelsea*, 2 B. & P. 270; *Wood* v. *Leland*, 1 Metc. 387; *Price* v. *Ryan*, 255 N. Y. 16; *Haines* v. *Bero Engineering Const. Corp.*, 230 App. Div. 332.) Section 211-a does not apply to a case where the accident happened prior to the enactment of the section; there is no additional obligation upon each of the tort feasors as a consequence of his negligent act. (*O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406; *Isola* v. *Weber*, 147 N. Y. 329.) The general rule is that statutes are to be construed as prospective only. It takes a clear expression of the legislative purpose to justify a retrospective application. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Shreveport* v. *Cole*, 129 U. S. 36; *New York & Oswego M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473.) Section 211-a of the Civil Practice Act created a new right of action and is not remedial only. (*Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406; *Jacobus* v. *Colgate*, 217 N. Y. 235; *First Nat. Bank* v. *Steel*, 136 Mich. 588; *Bedier* v. *Fuller*, 74 N. W. Rep. 506.)

*Arthur N. Seiff, amicus curiæ.* Section 211-a applies solely to cases arising after its enactment, since it is substantive in nature and concerns the birth of a right of action that prior thereto was non-existent. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *O'Reilly* v. *Utah, N. & C. Stage Co.,* 87 Hun, 406; *Tirpaeck* v. *Sweet,* 231 App. Div. 353.)

CRANE, J. On March 21, 1929, a judgment of $12,161.16 was recovered in a personal injury action against the Humphrey Division Ruud Manufacturing Company and Charles J. Cammerano. Later, after the judgment had been affirmed on appeal to the Appellate Division, the manufacturing company paid the judgment in full and then sought to recover its *pro rata* share from the defendant Cammerano, pursuant to section 211-a of the Civil Practice Act. The motion was denied upon the assumption that the section taking effect September 1, 1928, did not apply to a cause of action arising prior thereto, to wit, December 1, 1925, although judgment was recovered in 1929.

The action for negligence could have been prosecuted against one of these defendants without joining the other. If the plaintiff in the negligence case had sued Cammerano alone he would have been liable for the full amount of the judgment thereafter recovered. The action having been brought against the two joint tort feasors, they were both liable for the full amount of the judgment and the plaintiff could have collected the full amount from either one. This was the state of the law prior to the adoption in 1928 of section 211-a. That section in no way increased the liability of any defendant; in fact, it lessened it. On execution Cammerano would have been obliged to pay the full amount, and this without recourse to the manufacturing company, except for this amendment to the law. By reason of this amendment he is now obliged to pay, if the plaintiff's motion be granted, only half the amount. The effect of this amendment as to two joint

tort feasors who are financially responsible is the same as if it changed the plaintiff's remedy in the collection of a judgment by providing that each joint tort feasor was liable only for his *pro rata* share of the judgment. This would be a change in the remedy and affect no substantial rights, at least, create no new ones. The same result is accomplished by the provision that if the plaintiff collects all the judgment out of one the other must pay his share to that one.

Turning to the section, we read that " Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment.   *   *   * "

After the enactment of this section in 1928 the judgment in this case was recovered against these two defendants and, therefore, comes within the very wording of the statute. The remedy or relief granted the joint judgment debtor applied to judgments thereafter recovered, of which this was one. The bringing of the action did not determine who was liable or the amount to be paid. By the judgment, responsibility was first determined. The Legislature, therefore, intended section 211-a to refer to judgments thereafter recovered. To hold with the Appellate Division that section 211-a only applied to torts committed after its passage would have left Cammerano liable for the full amount of the judgment without any recourse over to his co-defendant. The fact that the co-defendant paid the judgment in full is a mere incident. From the legal viewpoint the defendant is benefited by reducing his liability to his *pro rata* share. When the cause of action arose in 1925 upon the

tort claim there was no vested right in Cammerano that the manufacturing company should pay for his negligence contributing to the accident. The choice was given to the plaintiff, as heretofore stated, to collect the entire damage out of Cammerano. If he happened to profit by the plaintiff pursuing the other defendant it was his luck rather than any right which vested in him. The law has now remedied this inequality and lessened a liability depending upon the chance of the plaintiff's choice. This equality, now established by the law, Cammerano is entitled to, as the judgment recovered against him was obtained after the passage of the amendment, but the equality is only established by his payment of his share of the judgment.

*Jacobus* v. *Colgate* (217 N. Y. 235) related to a statute establishing a right as distinguished from a mere remedy which did not theretofore exist. Here there was always a liability upon the part of Cammerano for the full amount of the tort judgment which the statute has reduced to a *pro rata* share with his co-defendants. He pays the co-defendant instead of paying the plaintiff. The change relates to the remedy — to an unnecessary and unjust inequality in procedure. *Laird* v. *Carton* (196 N. Y. 169) is more in point, which authorized the issuance of execution against wages, although the judgment upon which the execution was to issue was rendered before the enactment subjecting such wages to the payment of debts.

The order of the Appellate Division and that of the Special Term should be reversed and the motion granted, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and HUBBS, JJ., concur; O'BRIEN, J., not sitting.

Orders reversed, etc.