[S. F. No. 14401.   In Bank.—April 1, 1932.]

GUY D. LORANGER, an Infant, etc., Respondent, v. HUBERT J. NADEAU, Appellant.

B. P. Gibbs, Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Vincent W. Hallinan, Dan Malloy and James J. Roach for Respondent.

SHENK, J.—This is an appeal by the defendant from a judgment on a verdict for $4,000 in an action for damages in an automobile accident case.

The defendant, with his mother and sister, all residents of San Francisco, made a trip to Montreal by automobile in 1929. When they started on their homeward journey, the plaintiff, a second cousin of the defendant, joined the party as a guest. The defendant's sister stopped at Lincoln, Nebraska, and the remaining three proceeded on their way toward San Francisco, their destination. While traveling on a paved highway in the vicinity of Oklahoma City at about 4 o'clock in the afternoon of November 15, 1929, an accident occurred in which the automobile operated by the defendant collided with an automobile coming from the opposite direction. An automobile about 100 feet ahead of the defendant's car slowed up and in order to avoid hitting it the defendant turned upon the left-hand side of the highway and met the other car head on. In the accident the plaintiff received numerous injuries, one of which was a fractured right ankle, the latter crippling him for life.

In support of the appeal it is first contended that the complaint does not state a cause of action and the court had no jurisdiction of the subject matter of the action for the reason that there was no allegation of gross negligence on the part of the defendant as required by section 141¾ of the California Vehicle Act, as the same was in effect in November, 1929, when the alleged tort was committed. It is here noted that the section was amended in 1931 by striking out the words "gross negligence". (Stats. 1931, p. 1693.) But in view of our conclusions on the merits of the appeal and under the authorities to be cited, it was unnecessary for the plaintiff either to allege or prove gross negligence.

Again, it is contended that the complaint fails to state a cause of action in that it does not specifically plead the law of Oklahoma where the cause of action arose. Prior to 1927 whenever a foreign law was relied upon, it was necessary to plead and prove the same as any other fact of which the courts of this state did not take judicial notice. (*Peck*

v. *Noee,* 154 Cal. 351 [97 Pac. 865]; 5 Cal. Jur., pp. 427, 428.) Or, in the absence of such pleading and proof, the law of the foreign jurisdiction was presumed to be the same as the law of this state. (*Peck* v. *Noee, supra; O'Sullivan* v. *Griffith,* 153 Cal. 502 [95 Pac. 873, 96 Pac. 323].) By the amendment of subdivision 3 of section 1875 of the Code of Civil Procedure in 1927, the courts of this state now take judicial notice of the laws of a sister state. The amended section, as formerly, provides that the courts of this state take judicial notice of the matters therein enumerated as facts. If the science of pleading be strictly pursued it would seem to follow that since the foreign law now comes in the case by judicial knowledge as a fact, it would still be necessary to plead it, and the judicial knowledge would merely dispense with the proof. (See *Ryan* v. *North Alaska Salmon Co.,* 153 Cal. 438 [95 Pac. 862]; *Colm* v. *Francis,* 30 Cal. App. 742, 752 [159 Pac. 237].) But when judicial knowledge is supplied a more liberal rule with reference to pleading has so often been indulged that it must be deemed settled that facts judicially known need not be pleaded. In *Altoona Q. M. Co.* v. *Integral Q. M. Co.,* 114 Cal. 100 [45 Pac. 1047, 1048], it was said: "It is not necessary either to aver or prove facts which are within the judicial knowledge of the court." In *French* v. *Senate,* 146 Cal. 604 [2 Ann. Cas. 756, 69 L. R. A. 556, 80 Pac. 1031, 1033], it was said: "Only those facts are admitted by a demurrer which it is necessary to allege in the pleading. It is not necessary to allege facts of which the court will take judicial notice. Such facts will be considered by the court, although not pleaded." In *Chavez* v. *Times-Mirror Co.,* 185 Cal. 20, it was said at page 23 [195 Pac. 666, 668]: "There is apparently no dissent from the proposition that in the consideration of a pleading the courts must read the same as if it contained a statement of all matters of which they are required to take judicial notice, even when the pleading contains an express allegation to the contrary." (See, also, cases cited in 10 Cal. Jur., p. 698.) Even though the foregoing rule go unnoticed, it may fairly be said that the present pleading is sufficient. It is alleged that the injury occurred in Oklahoma. This allegation will "be regarded as laying before us whatever of authority there may exist in the law" for the plaintiff's cause of action "to the same extent as if such authority were

expressly alleged". (*Mullan* v. *State,* 114 Cal. 578 [34 L. R. A. 262, 46 Pac. 670].) In other words, "with the aid of certain facts, of which the courts may take judicial notice", the deficiencies in the complaint can be supplied as against a general demurrer. (*DeBaker* v. *Railway Co.,* 106 Cal. 257 [46 Am. St. Rep. 237, 39 Pac. 610]; see, also, *Cole* v. *Segraves,* 88 Cal. 104 [25 Pac. 1109]; *Faekler* v. *Wright,* 86 Cal. 210 [24 Pac. 996]; *People* v. *Oakland Water Front Co.,* 118 Cal. 234 [50 Pac. 305].)

It is the settled law in the United States that an action in tort is governed by the law of the jurisdiction where the tort was committed, and as it is a transitory action, it may be maintained in any jurisdiction where the defendant may be found. It is the general rule in tort actions that the court will, if it has jurisdiction of the necessary parties, and can do substantial justice between them in accordance with its own forms of procedure, enforce the foreign law, if it is not contrary to the public policy of the forum, to abstract justice or pure morals, or injurious to the welfare of the people of the state of the forum. (12 Cor. Jur., p. 453.) In *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99 [120 N. E. 198, 202], it was said: "The courts are not free to refuse to enforce a foreign right at the pleasure of judges, to suit the individual notion of expediency or fairness. They do not close their doors, unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal." In *Reynolds* v. *Day,* 79 Wash. 499 [L. R. A. 1916A, 432, 140 Pac. 681], it was said: "Under the rule of comity, rights which have accrued by the law of another state or nation are treated as valid everywhere. When the action is transitory and the jurisdiction of the parties can be obtained by service of process, the foreign law, if not contrary to the public policy of the state where the action is brought, nor contrary to abstract justice or pure morals, nor calculated to injure the state or its citizens, will be recognized and enforced. This rule applies to actions *ex contractu* and actions *ex delicto.* In all cases, the right to recover is governed by the *lex loci,* and not by the *lex fori.*"

The state of Oklahoma follows the common-law rule and permits a recovery on the part of a guest based on the ordinary negligence of the operator of the car. Prior to the

enactment of section 141¾ of the California Vehicle Act in 1929 the law of this state was the same. Did the requirement of proof of gross negligence foreclose here the enforcement of the right which arose in Oklahoma? We are persuaded that it did not. The liability of a host to his guest for negligent injuries existed in both states. The trial court assumed jurisdiction of the subject matter of the action and acquired jurisdiction of the parties, both residents of this state. It cannot be said that in doing so the court violated any fundamental principle of justice or public policy of this state and no question of good morals would seem to be involved. Cases directly in point are, one decided by the Supreme Judicial Court of Massachusetts in 1923 (*Hall* v. *Hamel*, 244 Mass. 464 [138 N. E. 925]), and another, by the Supreme Court of Iowa in 1931 (*Redfern* v. *Redfern*, 212 Iowa, 454 [236 N. W. 399]). The case of *Hudson* v. *Von Hamm*, 85 Cal. App. 323 [259 Pac. 374], is not applicable or controlling. There it was held in effect that the law of the foreign jurisdiction was so fundamentally opposed to the public policy of this state as to justify the trial court in refusing to assume jurisdiction of the cause.

It is next contended that the evidence is insufficient to establish even ordinary negligence and that therefore the plaintiff may not recover in any event. It would serve no useful purpose to relate the facts in more detail. We have examined the record and find therein sufficient evidence upon which the jury could rightly find for the plaintiff.

When the case was called for trial jurors were in attendance and ready to take the jury-box. Whereupon the defendant's counsel interposed an objection to a jury trial on the ground that the jury fees had not been deposited ten days in advance of trial. The objection was overruled and pursuant to a direction by the court the case proceeded to trial before a jury. The objection was apparently based on subdivision 5 of section 631 of the Code of Civil Procedure as amended in 1929, wherein it was provided that failure to deposit one day's jury fees with the clerk "within ten days prior to the date set for trial" may constitute a waiver of trial by jury. Just what the last-quoted language of the section means is problematical. Its unfortunate wording is subject to the construction that the required deposit might be made at any time within the ten-day period prior to the

trial, which would include the last minute before the trial. When the objection to the trial by jury was made, the plaintiff's counsel announced that he was then ready to pay the fees. Any ambiguity in the code section as it then read should be resolved in favor of according to a litigant a jury trial. When so resolved no prior payment was necessary. In 1931 the sentence was amended so as to eliminate the word "within" before the words "ten days prior", and the difficulty arising under the old law has been obviated.

No other points made require discussion. The judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.