ELLA V. SKILLMAN *v.* NETTIE CONNER.

(*July* 23, 1937.)

HARRINGTON, RICHARDS and SPEAKMAN, J. J., sitting.

*William H. Bennethum* (of Marvel, Morford, Ward and Logan) for plaintiff.

*William S. Potter* and *George G. Thouron* (of Ward and Gray) for defendant.

Superior Court for New Castle County, Action on the Case for Negligence, No. 4, November Term, 1934.

HARRINGTON, J., delivering the opinion of the Court:

It appears from the declaration that the alleged negligent acts relied on by the plaintiff were committed in the State of Maryland, and the question raised by the demurrer is whether, in view of the provisions of *Chapter* 26 of *Volume* 38, *Laws of Delaware,* her action can be brought in this State, though an action on the case for negligence is a transitory action. See *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, *L. R. A.* 1916*A,* 432; *Loranger v. Nadeau,* 215 *Cal.* 362, 10 *P.*(2*d*) 63, 84 *A. L. R.* 1264. That statute, among other things, provides: "No person transported by

the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his willful or wanton disregard of the rights of others." *Section* 1.

It is not claimed that the declaration alleges that the plaintiff's injuries were caused by any intentional act of the defendant, or by any willful or wanton disregard on her part of the rights of the plaintiff; on the contrary, it is claimed that such allegations are not necessary to permit the plaintiff to bring suit in this State.

The defendant claims, however:

1. That whatever the plaintiff's substantive rights may be, the statute above quoted has taken away any legal remedy that the plaintiff might have had against her at common law.

2. That, at any rate, because of that statute, it would be contrary to the declared public policy of this state to permit the plaintiff to recover in this action, though the cause of action arose in the State of Maryland.

As a general rule, though the suit is brought in another state, the substantive rights of the parties to an action, whether for negligence, or otherwise, are governed by the law of the state where the cause of action arose.

The remedy to enforce such rights is, however, governed by the law of the state where the suit is brought. 2 *Beale's Conflict of Laws,* 1287, 1290; 3 *Beale's Conflict of Laws,* 1600; *Goodrich on the Conflict of Laws,* § 81; *Redfern v. Redfern,* 212 *Iowa* 454, 236 *N. W.* 399; *Eskovitz v. Berger,* 276 *Mich.* 536, 268 *N. W.* 883; *Hall v. Hamel,* 244 *Mass.* 464, 138 *N. E.* 925.

This rule is aptly and concisely stated by Professor Beale in his *Work on Conflict of Laws,* (3 *Beale's Conflict of Laws,* 600). He says: "It has now become axiomatic that substantive matters are governed by the foreign law and that procedural, or, as it is more usually expressed, matters relating to the remedy, are governed by the law of the forum."

A somewhat different rule applies in England, but in considering the first of these principles, commented on by Professor Beale, the statement is, also, made in *Conflict of Laws, Restatement,* § 384, that "if a cause of action in tort is created at the place of wrong, a cause of action will be recognized in other States." This statement is usually true, whether the right of action is based on common law principles, or on statute (*Conflict of Laws, Restatement,* § 385; *Goodrich on Con. of Laws,* § 96; *Dennick v. Central R. Co.,* 103 *U. S.* 11, 26 *L. Ed.* 439; see, also, *In re Petition of Shannahan, etc., Hardware Co.,* 2 *W. W. Harr.* (32 *Del.*) 37, 118 *A.* 599); and though both parties concerned are domiciled elsewhere. 2 *Beale's Con. of Laws,* 1287.

In determining whether there is a remedy where the suit is brought, it is, also, frequently stated that no action can be maintained on a cause of action created in another State, the enforcement of which is clearly repugnant to the settled public policy of the forum. *Conflict of Laws, Restat.,* § 612; 2 *Beale's Conflict of Laws,* 1290; 3 *Beale's Conflict of Laws,* 1647; *Goodrich on Con. of Laws,* 11; *Goodrich on Conflict of Laws,* §§ 7, 96; *Chubbuck v. Holloway,* 182 *Minn.* 225, 234 *N. W.* 314, 868; *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, *L. R. A.* 1916A, 432; *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198.

It is true it has, also, been said that the public policy of a State may sometimes be declared by its constitution, sometimes by its statutes and sometimes by its judicial

decisions. *Clough v. Gardiner,* 111 *Misc.* 244, 182 *N. Y. S.* 803; *Poling v. Poling,* 116 *W. Va.* 187, 179 *S. E.* 604; *Skutt v. City of Grand Rapids,* 275 *Mich.* 258, 266 *N. W.* 344; *Chubbuck v. Holloway,* 182 *Minn.* 225, 234 *N. W.* 314, 868.

But in *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, 683, *L. R. A.* 1916*A,* 432, the court aptly said:

"To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interests of our own citizens."

In *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198, 201, *supra,* the cause of action arose in Massachusetts, and was apparently based on a statute of that State, but the suit was in New York. Judge Cardozo, speaking for the court, also said: "If aid is to be withheld here [in the State of New York], it must be because the cause of action in its nature offends our sense of justice or menaces the public welfare." See, also, *Herrick v. Minneapolis & St. L. Ry. Co.,* 31 *Minn.* 11, 16 *N. W.* 413, 47 *Am. Rep.* 771; *Eskovitz v. Berger,* 276 *Mich.* 536, 268 *N. W.* 883; *Chubbuck v. Holloway,* 182 *Minn.* 225, 234 *N. W.* 314, 868; *Loranger v. Nadeau,* 215 *Cal.* 362, 10 *P.* (2*d*) 63, 84 *A. L. R.* 1264.

It, therefore, seems to be well settled that a mere difference between the laws of the two States, whether in its statutory provisions, or otherwise, will not necessarily render the enforcement of a cause of action arising in one State, contrary to the public policy of another State. *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198; *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, *L. R. A.* 1916*A,* 432; *Chubbuck v. Holloway,* 182 *Minn.* 225, 234 *N. W.* 314, 868; *Herrick v. Minneapolis & St. L. Ry. Co.,* 31 *Minn.* 11, 16 *N. W.* 413, 47 *Am. Rep.* 771; 3 *Beale's Con. of Laws,* 1651; *Conflict of Laws, Restatement,* 732; *Goodrich on Con. of Laws,* § 96.

In *Loucks v. Standard Oil Co.*, 224 *N. Y.* 99, 120 *N. E.* 198, 201, *supra,* in considering this question, the court, also, said: "Similarity of legislation has indeed this importance; its absence shows beyond question that the foreign statute does not offend the local policy. But its absence does not prove the contrary. It is not to be exalted into an indispensable condition. The misleading word 'comity' has been responsible for much of the trouble. It has been fertile in suggesting a discretion unregulated by general principles."

In that case the facts were different but similar principles were involved.

Moreover in the law of almost every jurisdiction there is "a strong policy in favor of recognizing and enforcing rights and duties validly created by a foreign law." 3 *Beale's Conflict of Laws,* 1651; see, also, *Conflict of Laws, Restatement,* § 612, *p.* 732; *Goodrich on Conf. of Laws,* §§ 7, 96; *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198.

At any rate, the rule of policy above referred to would seem to apply with peculiar force between the various component States of the United States. *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198; *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, *L. R. A.* 1916A, 432; *Eskovitz v. Berger,* 276 *Mich.* 536, 268 *N. W.* 883; 2 *Beale's Conflict of Laws,* 1651; *Conflict of Laws, Restatement,* § 612, *p.* 732; *Goodrich on Conflict of Laws,* §§ 7, 96.

As is pointed out by the demurrant, while the cases are not in entire accord, the objection that a right of action, accruing in another State, cannot be enforced in some other jurisdiction because of the well settled public policy in that jurisdiction, has been urged in a great variety of cases (see 3 *Beale's Conf. of Laws,* 1647, *etc.;* see, also, *Mertz v. Mertz,* 158 *Misc.* 85, 284 *N. Y. S.* 83; *Poling v. Poling,* 116 *W. Va.* 187, 179 *S. E.* 604; *Hudson v. Von Hamm,* 85 *Cal. App.* 323,

259 *P.* 374; *Herzog v. Stern,* 264 *N. Y.* 379, 191 *N. E.* 23; *In re Killough's Estate,* 148 *Misc.* 73, 265 *N. Y. S.* 301) but in view of what we have just said, in principle, particularly in the United States, it would seem that the application of the rule should be rather limited. 3 *Beale's Conflict of Laws,* 1651; *Conflict of Laws, Restatement,* § 612, *p.* 732; *Loucks v. Standard Oil Co.,* 224 *N. Y.* 99, 120 *N. E.* 198.

■ Under the language of the Delaware statute above quoted (*Chapter* 26, *Vol.* 38, *Laws of Delaware*), no guest in a motor vehicle "shall have a cause of action for damages" against the owner or operator of the car in which she is being transported, unless the accident causing her injuries "shall have been intentional * * * or caused by his willful or wanton disregard of the rights of others." *Section* 1.

It is apparent from its language that this statute clearly relates to substantive rights, and, independent of any question of public policy, does not affect the remedy in this State of the plaintiff on a cause of action that arose in the State of Maryland. Similar statutes were so construed in *Redfern v. Redfern,* 212 *Iowa* 454, 236 *N. W.* 399, and in *Eskovitz v. Berger,* 276 *Mich.* 536, 268 *N. W.* 883. The Massachusetts rule, as to negligence, in cases of this nature, was apparently fixed by decisional law, and not by statute, but the same general principle was involved in *Hall v. Hamel,* 244 *Mass.* 464, 138 *N. E.* 925; see, also, 2 *Beale's Conflict of Laws,* 1290, approving the conclusion of the court in that case.

■ ■ Nor does *Chapter* 26 *of Volume* 38, *Laws of Delaware,* declare the policy of this State toward the action of a non-paying guest against the driver of the car in which she was riding when the alleged negligent act, by which the plaintiff was injured, was committed in another State; and that view is not only in accord with the principles above stated, but with the better reasoned cases. *Eskovitz v.*

*Berger,* 276 *Mich.* 536, 268 *N. W.* 883, 886; *Redfern v. Redfern,* 212 *Iowa* 454, 236 *N. W.* 399; *Reynolds v. Day,* 79 *Wash.* 499, 140 *P.* 681, *L. R. A.* 1916 *A,* 432.

In *Eskovitz v. Berger, supra,* quoting from the court below, the court, in considering this question on facts similar to this case, said: "In a certain sense it may be said that the legislature has declared it to be against the public policy of the state to allow a guest to recover damages against his host except in case of gross negligence and so forth, but it seems to me that there is another view to be taken of the law, namely, that at common law as construed by the courts of our own state, a guest is permitted to sue his host in all cases of negligence, and the legislature of our state has simply taken away one incident of this right, namely the right to sue in case of simple negligence, allowing it to remain in case of gross negligence, or willful and wanton misconduct. Under such a view of the legislative act, it would not seem to me that it can be said to be such a settled policy of the forum as to prevent foreign laws to the contrary being given effect."

In *Reynolds v. Day, supra,* the plaintiff was injured while working in a mine in Idaho. There was no *Workmen's Compensation Act* in that State, but he brought suit in the State of Washington, where there was a compensation act. His action was based on common law principles, and, in defense of it, the defendant claimed that the *Compensation Act of Washington State* had declared the policy of that State toward actions by employees against their employers. That statute *(Rem. Rev. Stat.,* § 7673) among other things, recited "The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair" etc.

Notwithstanding this statutory language, the court rejected the defendant's contention.

The demurrant claims, however, that this case is controlled by *Hazzard v. Alexander,* 6 *W. W. Harr.* (36 *Del.*) 212, 173 *A.* 517, 518. In that case, the court, in commenting on *Chapter* 26 of *Volume* 38, *Laws of Delaware,* did say that its effect was "to take away the remedy in a certain class of cases." It, also, said "The view of the legislature is that suits against owners or operators of automobiles by or on behalf of gratuitous passengers to recover damages arising out of ordinary negligences constitute an evil to be suppressed."

But no question of Conflict of Laws was involved as the plaintiff in that case was injured in the State of Delaware. These injuries were suffered before the enactment of the statute, and the only question was whether his right of action was barred by it, or whether it was purely prospective in its effect. The court held that it was retroactive and barred the plaintiff's action, but it did not decide that the statute merely related to remedial or procedural questions, or that it determined the policy of the State toward such actions when the cause of action arose in another State.

For the reasons above given, the demurrer is overruled.