HALIFAX CHICK EXPRESS, INC., a foreign corporation, Appellant, v. ANNIE MAE YOUNG, Appellee.

(*January* 14, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Stewart Lynch* (of Hastings, Lynch and Taylor) for appellant.

*James M. Tunnell, Jr.* (of Tunnell and Tunnell) for appellee.

Supreme Court of the State of Delaware, No. 28, 1957.

SOUTHERLAND, C. J.:

This case requires a construction of a statute amending the Uniform Contribution Among Joint Tortfeasors Act of 1949, 10 *Del. C.* § 6301 *et seq.* (hereinafter "the uniform act").

The facts are these:

 In 1952 a collision occurred between an automobile driven by the defendant Annie Mae Young and a truck of the plaintiff Halifax Chick Express, Inc. Mrs. Mary Emily Lokey was a passenger in the Young car. She brought suit for damages against Halifax. In February, 1954, Halifax paid Mrs. Lokey $5,750 in full settlement of her claim, and Mrs. Lokey expressly, released and discharged Halifax and Young from all claims of any kind.

Halifax then brought Young into the case as third-party defendant and demanded contribution under the uniform act. The defendant Young denied liability on the ground that the 1951 amendment to the uniform act had limited the right of contribution to cases in which judgment had been rendered against the joint tortfeasor seeking contribution.

The trial court, applying a prior decision of the Superior Court, held that the 1951 amendment had restricted the right of contribution to cases in which judgment had been entered— in effect, had repealed those provisions of the act giving the right of contribution to a joint tortfeasor who has discharged the common liability by settlement and release. It accordingly dismissed the complaint. Plaintiff appeals.

The uniform act became law May 27, 1949. It declares that the right of contribution exists among joint tortfeasors. One tortfeasor who has discharged in full the common liability is entitled to recover from the others a proportionate share of his payment. This right exists, whether such discharge flows from the payment of a judgment against him or a voluntary settlement and a release of the others. See Section 2 of the uniform act.

On June 5, 1951, the uniform act was amended by adding to Section 2 the following sub-paragraph:

"The right of contribution provided by this Act shall be enforceable only with respect to judgments entered against one or more joint tortfeasors subsequent to May 27, 1949."

What is the meaning of this amendment? Judge Carey suggested in his opinion below two possible interpretations:

"The Legislature must have intended either (1) to fix an effective date for the application of the Act to judgments, or (2) to restrict the right of contribution to cases where judgment is entered."

The fixation of a date in the amendment suggests that the former was intended. If the draftsman had wished to abolish the right of contribution based on voluntary settlements, why specify any date? And why not amend the provisions of the act relating to voluntary settlements? Why adopt a roundabout method of repeal by implication? It is difficult to believe that the draftsman intended, in this casual fashion, to repeal one of the main provisions of the uniform act and thus destroy "its general purpose to make uniform the law of those states that enact it". See Section 9 of the act.

The trial judge indicated his own serious doubt that such a result was intended. But he cited and followed the decision of the Superior Court in *Distefano v. Lamborn*, 7 *Terry* (46 *Del.*) 195, 207, 81 *A.* 2d 675, 83 *A.* 2d 300. In that case the Superior Court, in holding the act not applicable to accidents happening

before its passage, said (in its second opinion) "that it is just as probable that sub-section 5 was intended to extinguish the right of contribution based upon a settlement of the whole claim * * * as to render the Act retroactive in effect." 7 *Terry* (46 *Del.*) 210, 83 *A.* 2d 301. In effect, this was a holding that construction (2) is the correct one. The court below naturally felt bound by this holding.

We are at liberty to examine its correctness, and we are of opinion that it cannot be upheld.

Let us consider the state of the law when the 1951 amendment was adopted. The *Lamborn* case had not been decided. There might well have been uncertainty whether it was intended to apply to cases arising from torts committed prior to its enactment, and, if so, to what extent.

Three views were reasonably possible.

1. The act applied only to cases arising from torts committed after the date of its passage. This is the view adopted in the *Lamborn* case. The court said that the right of contribution created by the act is a substantive one, inchoate from the time of the commission of the tort.

2. The act applied to all releases given or judgments recovered after its passage. This interpretation could well be based upon the decision of the Court of Appeals of New York in the case of *Deuscher v. Cammerano*, 256 *N. Y.* 328, 176 *N. E.* 412. The New York statute, Civil Practice Act, § 211-a, permits contribution in cases where judgment has been recovered. The court held that a claim of contribution could be based upon a judgment recovered after the passage of the act, although the accident happened before its passage. The court said that the act was remedial only, because the liability of all joint tortfeasors for the entire amount of the damages existed from the date of the commission of the tort, and the effect of granting the remedy of contribution was to reduce—not to create or increase—the liability of the non-paying joint tortfeasor. With this view we

agree. It is the discharge of the common liability that gives rise to the right of contribution; not the commission of the tort.

3. The act applied not only to settlements made and releases given after its passage, but also to judgments *recovered* before its passage but not *paid* until after its passage. If one adopts the New York view that the statute is merely remedial, it might be so construed, because there is an important difference at common law between a release of one joint tortfeasor and a judgment against him. Whereas a release of one joint tortfeasor discharged all the others, a judgment against him did not. Only satisfaction of the judgment had that effect. 52 *Am. Jur.* "Torts", § 131, p. 467; 27 *A. L. R.* 805, annotation.

Now, it could not be reasonably contended that the uniform act had any effect on the case of a joint tortfeasor who had been completely discharged of liability by a release given to another joint tortfeasor prior to the date of the passage of the act. It is inconceivable that the act created anew a liability theretofore discharged. But, as to judgments recovered *before* the passage of the act and satisfied *after* its passage, uncertainty may well have existed whether the act applied. The payment of the judgment would constitute the discharge of the common liability, just as would a settlement and a release given after the passage of the act. If the Legislature desired to make *certain* that the act did not apply to such cases, a clarifying amendment was in order. This is the reason, we think, why the amendment deals with judgments only.

The simple way to express the intent of such an amendment would be to say:

"The right of contribution provided by this act shall not be enforceable with respect to judgments entered against one or more joint tortfeasors before May 27, 1949."

Unfortunately, the draftsman not only elected to embody the idea of negation in the word "only", but also, instead of having it modify the temporal phrase, *i.e.*, "judgments recovered

only after May 27, 1949", he inserted it so as to modify the predicate "shall be enforceable". Misplacement of the adverb "only" in such a way as to change the meaning a sentence if the sentence is read literally is a rather common fault in diction. See Fowler, *"Modern English Usage"*, p. 405.

Ambiguity has resulted, but we think the intent is clear. The purpose of the amendment is, as the court below intimated, to fix an effective date for the application of the act to judgments. The correct interpretation of the amendment, therefore, is that the right of contribution applies, with respect to judgments, only to such as may be recovered after May 27, 1949. This construction is not only reasonable, but it avoids the unreasonable and mischievous result—a result inconsistent with the general purpose of the act—entailed by a literal construction of the language. It is settled in this State that in such a case a literal construction is to be avoided. *Magill v. North American Refractories Company, Del.,* 128 *A.* 233, 236, and cases cited.

We are compelled to disagree with the holdings in the *Lamborn* case.

It follows that the judgment below must be reversed.

The cause is remanded to the Superior Court for Sussex County, with instructions to vacate the judgment entered June 11, 1957, and for further proceedings not inconsistent with this opinion.