Alfred L. PEREZ, Individually, and Alfred
L. Perez, Guardian and Next Friend
of James Buechse, Plaintiffs,

v.

The SHORT LINE INC. OF PENN., a corpo-
ration of the Commonwealth of Penn-
sylvania, Defendant.

Superior Court of Delaware,
New Castle.

June 5, 1967.

Rehearing Denied June 26, 1967.

John Biggs, III, Wilmington, for plain-
tiffs Alfred L. Perez, individually, and Al-
fred L. Perez, Guardian and next friend of
James Buechse.

James T. McKinstry, Wilmington, for de-
fendant Short Line Inc. of Penn.

Roger P. Sanders, Wilmington, for Paul-
ine Perez.

STIFTEL, President Judge.

On December 24, 1964, an automobile
operated by Pauline Perez ("Pauline") and
occupied by her husband, Alfred L. Perez
("Alfred"), and her son, James Buechse,
all residents of Delaware, collided with a

bus owned and operated by Short Line, Inc. of Penn., a Pennsylvania corporation. The accident occurred in the State of Pennsylvania. On March 30, 1966, Alfred, in his own right and as next friend of James Buechse, filed suit against Short Line for the injuries they sustained in the accident. On July 12, 1966, Short Line filed a motion under Rule 14(a), Del.C.Ann., for leave to bring Pauline Perez into the suit as a third-party defendant, in order to assert a claim against her for contribution, stating that she was either wholly or partly responsible for the accident. On July 13, 1966, plaintiffs filed a motion under Rule 21 to add Pauline Perez as a party plaintiff and to amend their complaint under Rule 15 to include a claim for damages for injuries they claim she sustained in the accident. This is the decision on these motions.

I will deal first with defendant's motion to add Pauline as a third-party defendant. This involves a question of conflict of laws. It is apparently conceded by each side that Pennsylvania law permits a defendant to assert a claim for contribution against the spouse or parent of the plaintiff [1] and that Delaware law does not permit this to be done.[2] Thus, the question is whether Pennsylvania or Delaware law applies to defendant's claim for relief. Naturally, if Delaware law is applicable, Pauline may not be made a third-party defendant, since she is the wife of one plaintiff and the mother of the other.

It is beyond dispute that "the law of the place in which a tort takes place governs the substantive rights of the parties in an action based upon the tort brought in Delaware." Friday v. Smoot, Del., 211 A.2d 594, 595 (S.Ct.1965). But matters of remedy are governed by the law of the forum. Lutz v. Boas, 40 Del.Ch. 130, 176 A.2d 853 (Del.Ch.1961); Skillman v. Conner, 8 W.W.Harr. 402, 193 A. 563 (Super.Ct.1937); Restatement, Conflict of Laws, § 585; 3 Beale, Conflict of Laws, § 584.1; 1 Beale, Conflict of Laws, §§ 8A.27, 8A.28; Goodrich, Conflict of Laws, 4th ed. by Scoles, § 80. Whether a question involves a matter of substance or a matter of remedy is determined according to the law of the forum. Restatement, Conflict of Laws, § 7(a); 1 Beale, Conflict of Laws, § 7.1. The question here for decision is whether contribution is a substantive or a remedial right. I now look to the law of Delaware for the answer.

Defendant argues that as a matter of general law, contribution is a substantive right. Many Pennsylvania cases are cited to support this view; but they are not relevant, because Delaware Courts have categorized it as a remedial right.

In Halifax Chick Express v. Young, 11 Terry 596, 137 A.2d 743 (S.Ct.1958), our Supreme Court had occasion to express its views on the nature of the right of contribution.[3] It said, in discussing the case of Deuscher v. Cammerano, 256 N.Y. 328, 176 N.E. 412 (1931), at page 744:

" * * * The New York statute, Civil Practice Act, § 211-a, permits contribution in cases where judgment has been recovered. The court held that a claim of contribution could be based upon a judgment recovered after the passage of the act, although the accident happened before its passage. The court said that the act was *remedial only*, because the liability of all joint tortfeasors for the entire amount of the damages existed from the date of the commission of the

---

1. Puller v. Puller, 380 Pa. 219, 110 A.2d 175 (1955).

2. Strahorn v. Sears, Roebuck & Co., 11 Terry 50, 123 A.2d 107 (S.Ct.1956) (unemancipated minor cannot sue parent for negligence in Delaware); Ferguson v. Davis, 9 Terry 299, 102 A.2d 707 (Super. Ct.1954).

3. The right of contribution in Delaware was created by the enactment of the Uniform Contribution Among Joint Tortfeasors Act, 10 Del.C.Ann. Ch. 63. Prior thereto, no right of contribution was recognized.

tort, and the effect of *granting the remedy* of contribution was to reduce—not to create or increase—the liability of the *non-paying joint tortfeasor*. With this view we agree. It is the discharge of the common liability that gives rise to the right of contribution; not the commission of the tort." (Emphasis supplied.)

Defendant insists that the quoted language is dictum, in view of the specific question which was decided in *Halifax*. This may be; but nevertheless, it cannot be ignored. Not only did the Court specifically label contribution a matter of remedy, it also expressed a rationale—that the discharge of common liability and not the commission of the tort gives rise to the right of contribution—which mitigates against the theory that contribution is a part of the substantive law of the tort. In *Halifax*, the Supreme Court expressly disagreed with the earlier decision of Distefano v. Lamborn, 7 Terry 195, 207, 81 A.2d 675, 83 A.2d 300 (Super.Ct.1951), which held contribution a substantive right.

Lutz v. Boas, supra, is even more to the point. Therein the Court applied the Delaware contribution statute to settle contribution rights between defendants who had been held jointly liable for the consequences of acts committed within the State of New York. The Chancellor's mode of analysis in reaching this conclusion seems quite pertinent to the question before me:

"The next issue is the effect the approval of the Model settlement will have on the judgment to be entered against Dr. Rice and what contribution rights, if any, Dr. Rice will have as against Model.

"Model claims that the New York law governs these issues because the activities for which Model was held liable occurred in New York. This is important because it seems clear that the New York contribution statute has no application to claims of the types here involved. Both Funds (Managed Funds, Inc.) and Dr. Rice claim that the tort-feasor contribu-

tion statutes are procedural and that the Delaware law should therefore apply.

"Regardless of the place where the wrongs occurred for which Dr. Rice and Model are liable, does the application of the doctrine of contribution involve substantive law in contrast to procedural or remedial law? The New York Court of Appeals in the case of Deuscher v. Cammerano, 256 N.Y. 328, 176 N.E. 412, has concluded that the New York contribution statute is remedial (§ 211–a, N.Y. Civil Practice Act). The Supreme Court of Delaware in the case of Halifax Chick Express, Inc. v. Young, 11 Terry 596, 50 Del. 596, 137 A.2d 743, has also determined that our contribution statute is remedial. It is well established that the law of the forum governs questions of remedial or procedural law. Skillman v. Conner, 8 W.W.Harr. 402, 193 A. 563; Connell v. Delaware Aircraft Industries, 5 Terry 86, 55 A.2d 637; 1 Beale, Conflict of Laws, § 8A.28. It follows that this court must apply its own contribution statute (10 Del.C. § 6301, et seq.) in determining the rights of Funds as against Dr. Rice and Model and in determining the rights as between Dr. Rice and Model. * * *. (176 A.2d at 857).

Defendant argues that this, too, is dictum and ought to be disregarded. Defendant says that the court was concerned only with the procedural aspects of the contribution act, because traditionally contribution was considered a substantive right in equity. If this be so, a judgment that the substantive law of New York permitted contribution between joint tortfeasors would have been necessary, before the court could begin to apply the procedural feature of the Delaware law, because our conflict of laws rule refers questions of substantive law to the place of the tort. Yet the Chancellor did not indulge in a consideration of New York equitable contribution law. The existence of contribution rights in *Lutz*, if based (as it was) on Delaware law, was justified only if the Court deemed contribution a matter of remedial law.

■ I conclude that contribution is classified in Delaware as a matter of remedy and consequently Delaware law applies to defendant's claim. I am not unmindful that the general rule elsewhere is that the right of contribution is governed by the law of the place of the tort. See, 95 A.L.R.2d 1096; 18 Am.Jur.2d, "Contribution" § 44. Since Delaware law does not permit a defendant to assert a claim for contribution against the spouse or parent of a plaintiff, defendant's motion is denied.

■ I turn now to plaintiffs' motion to add Pauline as an additional party plaintiff pursuant to Rule 21 and to amend their complaint pursuant to Rule 15 in order to assert a claim for Pauline's injuries. The record does not indicate that Pauline joins in plaintiffs' motion; she appeared through separate counsel to oppose defendant's motion to implead her. The claim which plaintiffs allege she has is separate from plaintiffs' claims, even though all claims arise out of the same transaction. Plaintiffs have not shown that her presence is necessary to a proper adjudication of their claims. To grant plaintiffs' motion would be to compel Pauline to litigate a claim.

Defendant's motion to implead Pauline Perez is denied; and plaintiffs' motion to add Pauline Perez as a party plaintiff is denied.