**Robert P. FOLK and Donna G. Folk, Plaintiffs,**

**v.**

**YORK–SHIPLEY, INC., a Delaware corporation, Defendant.**

Superior Court of Delaware.

New Castle.

June 8, 1967.

H. James Conaway, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Roger Sanders, Prickett, Ward, Burt & Sanders, Wilmington, Richard W. Pell, Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

QUILLEN, Judge:

This is the Court's opinion and order on the defendant's motion for summary judgment as to the claim of Donna G. Folk.

On October 28, 1964, plaintiff Robert P. Folk was injured as a result of an automobile collision in Pennsylvania with a truck owned by the defendant corporation. Donna G. Folk was not involved in the accident. The Folks are Delaware domiciliaries and the defendant is a Delaware corporation.

Donna G. Folk has sued for loss of consortium. In Delaware, the wife has a right of action for loss of consortium. Yonner v. Adams, Del.Super., 10 Storey 229, 167 A.2d 717 (Super.Ct.1961). In Pennsylvania, the wife has no right of action for loss of consortium. Neuberg v. Bobowicz, et al., 401 Pa. 146, 162 A.2d 662 (1960). The resolution of the pending motion depends on the applicable law.

The forum court applies its own conflicts of laws rules and its own rules in determining whether a particular matter is one of substance or remedy. Restatement,

Conflicts of Laws, § 7; Perez v. Short Line Inc. of Penn., Del.Super., 231 A.2d 642 (Super.Ct.No. 175 C.A.1966—June 5, 1967); Klaxan Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Renvoi is not applicable in tort cases.

■ It is beyond dispute that the law of the place in which a tort takes place governs the substantive rights of the parties in an action on the tort brought in Delaware. Friday v. Smoot, Del., 211 A.2d 594, 595 (Sup.Ct.1965); Perez v. Short Line Inc. of Penn., supra.

■■ Whether or not a cause of action exists for loss of consortium is a matter of substantive law. McVickers v. Chesapeake and Ohio Railway Company, 194 F.Supp. 848 (E.D.Mich.S.D.1961). It is elementary that an event, which creates no cause of action in a foreign state, where it occurs, cannot be made the basis of an action in the state of the forum. Pack v. Beech Aircraft Corporation, 11 Terry 413, 132 A.2d 54 (Sup.Ct.1957).

■ While a wife's claim for loss of consortium is a distinct claim for an additional loss requiring separate damage (Yonner v. Adams, supra), it is initially dependent upon the successful prosecution of the husband's personal injury action. Stenta v. Leblang, 185 A.2d 759, 762 (Sup.Ct.1962). Since it is a claim wholly derivative from the claim of the husband for personal injury, it must necessarily originate in and spring from the same substantive law from which his rights spring, that is, the law of the place of the tort against him. McVickers v. Chesapeake and Ohio Railway Company, supra; Sestito v. Knop, 297 F.2d 33 (7th Cir.1961). Moreover, the tort to the wife, if any, is complete with the injury of the husband, even though the loss may not be discovered by her at that instant. Jordan v. States Marine Corporation of Delaware, 257 F.2d 232 (9th Cir.1958). It is the impact on the husband that causes the injury to the wife. Igneri v. Cie de Transports Oceaniques, 323 F.2d 257, 259 (2d Cir.1963). Thus, the place of the tort against her, if any, is the place of the injury to the husband.

 It follows that the rights of Donna G. Folk must be determined by the substantive law of Pennsylvania and her cause of action for loss of consortium does not exist The defendant is entitled to partial summary judgment.

*As to the claim of Donna G. Folk only,* judgment is entered in favor of the defendant. It is so ordered.