The SHORT LINE, INC. OF PENN., a corporation of the Commonwealth of Pennsylvania, Defendant and Third-Party Plaintiff Below, Appellant,

v.

Pauline PEREZ, Third-Party Defendant Below, Appellee.

Supreme Court of Delaware.

Jan. 10, 1968.

**342**

James T. McKinstry, of Richards, Layton & Finger, Wilmington, for appellant.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal by a defendant and third-party plaintiff from an order of the Superior Court denying a motion to add a third-party defendant for purposes of contribution as a joint tortfeasor.

An accident took place in Pennsylvania involving a bus, owned and operated by the appellant, the Short Line, Inc. of Penn., and a car owned by the plaintiff, Alfred L. Perez, and driven at the time by the appellee, Pauline Perez, the wife of Alfred Perez. Alfred Perez and his infant son, the sole plaintiffs, were passengers in the Perez car and were injured in the accident. Pauline Perez, although also injured, did not join as a party plaintiff. All of the Perezes were and are domiciled in Delaware.

Short Line moved to join Pauline Perez as a third-party defendant on the ground that, assuming its negligence, she was a joint tortfeasor and, under the substantive law of Pennsylvania, was liable for contribution.

The Superior Court held that the right of contribution was a procedural matter, and denied the motion on the authority of Halifax Chick Express v. Young, 11 Terry 596, 137 A.2d 743, and Friday v. Smoot, Del., 211 A.2d 594.

Appellee has moved to dismiss the appeal on the ground that the order appealed from is interlocutory and determined no substantial issue, nor established any legal right. Walsh v. Hotel Corporation of America, Del., 231 A.2d 458.

■ We think, however, that the order effectively determined a substantial issue, viz., the right of Short Line to compel contribution from plaintiff's wife in accordance with the substantive law of Pennsylvania. This being so, the order is appealable. The motion to dismiss the appeal is accordingly denied.

Short Line argues that Friday v. Smoot, supra, requires Delaware Courts to apply Pennsylvania substantive law to this tort which occurred in that State. It is further argued that under the law of Pennsylvania the right to contribution is a matter of substantive law. Puller v. Puller, 380 Pa. 219, 110 A.2d 175. This being so, the argument runs, Delaware Courts are bound to allow enforced contribution from a spouse as part of the substantive *lex delicto*, even though the Delaware Statute of Joint Contribution has been held to be remedial in

nature. We think, however, that Delaware Courts may not do this.

 It has long been the policy of this State that one spouse may not sue the other in an action at law. Plotkin v. Plotkin, 2 W.W.Harr. 455, 125 A. 455.

 It is the general rule of conflicts that no action may be maintained upon a foreign cause of action, the enforcement of which is contrary to the public policy of the forum. Restatement, Conflict of Laws, § 612. Particularly is this true when interspousal immunity to suit is sought to be avoided in the courts of a state having such a policy and in which the spouses are domiciled. Haumschild v. Continental Casualty Company, 7 Wis.2d 130, 95 N.W.2d 814; Mertz v. Mertz, 271 N.Y. 466, 3 N.E.2d 597, 108 A.L.R. 1120; Kyle v. Kyle, 210 Minn. 204, 297 N.W. 744; Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439, 96 A.L.R.2d 969; Koplik v. C. P. Trucking Corp., 27 N.J. 1, 141 A.2d 34.

 In Fields v. Synthetic Ropes, Inc., Del., 215 A.2d 427, we indicated that the prohibition against interspousal suits applied as well to indirect as to direct actions. And in Ferguson v. Davis, 9 Terry 299, 102 A.2d 707, the Superior Court held that a husband could not be held as a third-party defendant in a suit brought by the wife since he could not be held liable to her directly.

 The *rationale* of the rule is that the Delaware Contribution Among Joint Tortfeasors Statute (10 Del.C., Ch. 63) may be resorted to only when the proposed contributor shares a "common liability" with the defendant. Since one spouse may not sue the other to impose liability, it follows that the defendant in an action brought by one spouse under no circumstances can share a common liability with the defendant. Fields v. Synthetic Ropes, Inc., supra.

 Furthermore, our Contribution Statute has been construed to be remedial in character. Halifax Chick Express v. Young, supra; Lutz v. Boas, 40 Del.Ch. 130, 176 A.2d 853. Accordingly, under the rule of Friday v. Smoot, supra, it governs. It follows that the motion to add Pauline as a third-party defendant was properly denied. Cf. Dunn v. Beech Aircraft Corporation, D.C., 271 F.Supp. 662.

Short Line argues that *Halifax Chick* and *Lutz* are not properly read as holding that our Contribution Statute is remedial in character, or that if certain language in them is to that effect, it is *dictum* and should be reconsidered. We think, however, to the contrary. Assuming the referred-to language to be *dictum,* we think, however, it correctly expresses the law, and confirm it.

The order below is affirmed.