**COLLINS, a minor, etc., Appellee v McCLURE, Appellant.**

Ohio Appeals, 1st District, Clinton County.

No. 131.   Decided November 2nd, 1942.

Hayes & Hayes, Wilmington, and Iliff & Iliff, Cincinnati, for appellee.

C. Luther Swaim, Wilmington, for appellant.

## OPINION

By MATTHEWS, PJ.

This is the second appeal in this case. On the first appeal, the judgment for the plaintiff was reversed, and the cause remanded for further proceedings, for error in giving certain special charges. **Collins v McClure, 63 Oh Ap 312.** On the second trial, the jury again found for the plaintiff, and the court overruled the defendant's motion for a new trial and rendered judgment on the verdict. The errors that required a reversal on the first appeal were not repeated at the second trial, but certain errors assigned on the first appeal, and found by this court to be lacking in validity, are reassigned on this appeal in slightly modified form. Other errors are also assigned.

(1) As will be disclosed by a reading of the opinion of this court on the first appeal, this action is in tort, for damages on account of personal injuries received in the State of Kentucky, through the failure of the defendant to exercise ordinary care in the operation of an automobile in which the plaintiff was riding as the defendant's guest. There was no statute in Kentucky similar to the Ohio guest statute. (§6308-6 GC). Liability to the guest arose for injuries resulting from the failure of the operator of the automobile to exercise ordinary care. In other words, the common law rule applied.

In Ohio, under the provisions of the statute just cited, liability to the guest only arose as a result of the wilful or wanton misconduct of the operator. It is now asserted by the appellant that as both plaintiff and defendant were and are residents of Ohio and the action is in an Ohio court there is no occasion for the application of the law of any other jurisdiction, notwithstanding the occurrence of the incident in the State of Kentucky upon which liability is asserted. It is said that the lex fori should determine not only the procedure, but also the liability and that it would be against the public policy of Ohio as announced in §6308-6 GC, to enforce the law of Kentucky in this case. It is also asserted that this statute has the effect of depriving the common pleas court of jurisdiction of a case of a guest based on negligence of the operator of an automobile, notwithstanding that court is made by the constitution and

laws of the state a court of general jurisdiction in both law and equity.

Counsel cites and comments on many cases, but we think the analogies are too remote and the cases inapplicable.

In 11 Am. Jur., 496, the rule deduced from the authorities is stated in this language:

"The fact that the law of the place where a transitory right of action in tort arose differs from the law of the forum in respect of the degree ot negligence which may be actionable, in that under the lex loci delicti a host is liable for failure to exercise ordinary care toward a guest riding in his automobile, while under the law of the forum gross negligence of the host is the only criterion of his liability to a gratuitous guest, does not render the law of the state where the injury occurred so repugnant to the public policy of the forum that the forum will refuse to entertain an action on the foreign tort. In several cases where, under the law of the forum, gross negligence of the host is the sole criterion of liability to a guest, the courts have taken jurisdiction and have given effect to the law of the state in which the negligent act took place where ordinary negligence is sufficient for a host's liability to a guest, inferentially leading to the conclusion that such differences with respect to the degree or criterion of negligence are no ground for refusal to entertain jurisdiction. The same conclusion may be drawn from cases decided in jurisdictions where ordinary negligence is a ground for an automobile host's liability to a guest where the courts have applied the law of tne state where the accident took place, although under that law gross negligence is the sole ground of a host's liability."

See also: Loranger v Nadeau, (215 Cal. 362, 10 Pac. (2d) 63, 84 A. L. R., 1264, and annotation at 1268, et seq.; Restatement of Conflict of Laws, §384, p. 470.

We find no case. in which this rule has been varied because the parties happened to be citizens or residents of the state of the forum at the time the tort was committed by one upon the other in another state. We can think of no public policy of Ohio that would be violated by requiring its citizens while sojourning in another state to govern their conduct toward one another according to the law of that state. To the extent that Ohio public policy would be involved. It would dictate just the contrary. The "Full Faith and Credit Clause" of Article IV of the Constitution of the United States determines to a large extent the public policy for all the states. Broderick v Rosner, 294 U. S., 629; **Broderick v LaFrance, 52 Oh Ap, 239.**

So we hold that the plaintiff's cause of action arising by reason of the law of Kentucky is enforceable in the Ohio courts, notwithstanding a cause of action would not have arisen in Ohio under similar circumstances.

(2) Counsel also urges that the evidence of the law of Kentucky failed to satisfy the requirements of the law, and, further, that the court erred in refusing to submit an issue to the jury as to the existence and content of the rule.

We held on the first appeal under the evidence in that record that there was no issue of fact as to the Kentucky law to be submitted to the jury, and the record now before us clearly shows that the determination of the content of the Kentucky rule involved solely the construing of certain opinions of Kentucky courts, and that this was a function of the court and not the jury. Our views on this subject will be found in our opinion on the first appeal.

Since the first trial, §§12102-31 to 12102-37 GC, both inclusive, were enacted and were in force at the time of the second trial. They relate to the method of proof of foreign laws. Sections 11498 and 11499 GC, were not repealed either expressly or by implication by the later enactment. The later act is not inconsistent with §§11498 and 11499 GC, although there is perhaps an overlapping. In any event, they must be construed together and both given effect. We think the evidence of the law of Kentucky meets the test of §§11498 and 11499 GC standing alone, or the test of Sections 12102-31 to 12102-37 GC, standing alone. or the test resulting from giving effect to both. We are also of the opinion that whether we construe Section 12102-35 GC, as requiring the court in all cases to decide the issue of what the foreign law is or whether we hold that in the case at bar the evidence of such law is undisputed and involves only the meaning of documents in evidence, the result is the same, which is that the court did not err in refusing to submit such issue to the jury.

Numerous specific errors are assigned, but most of them are predicated upon the appellant's contention, either that the enforcement of the law of Kentucky making the operator of an automobile liable to a guest riding in the automobile for failure to exercise ordinary care, would be against the public policy of Ohio. or that the Kentucky law had not been properly proven and submitted to the jury for its determination. What we have already said disposes of all such assignments.

Several assignments are predicated upon the refusal to give special instructions. We find that these special instructions were properly refused, either because they were repetitious, incorrect statements of the law, contained unjustified assumptions of fact or misleading.

Other errors assigned relate to certain rulings on the pleadings. And we find that these rulings were not so prejudicial as to require a reversal. We do find, however, that amendments to the pleadings by interlineations and cancellations were so numerous and extensive that it is difficult to read them and to determine

the operative allegations. The issues should be clarified by the filing of pleadings containing only the material allegations upon which the parties rely. 31 O. Jur., 918 et seq.

We find that there was substantial evidence of negligence and contributory negligence and that, therefore the court did not err in overruling the appellant's motions to arrest the case from the jury and for judgment.

The most serious question raised by the appellant and the one which we find requires the reversal of this judgment, relates to the general charge in which the court instructed the jury that: ·

"The negligence complained of in the petition is that the defendant lost control of his car and allowed it to cross over the road to the left or wrong side and collide with a post. The law requires the driver of an automobile to keep it under control and to proceed on the right of the center of the road in the direction in which he is going. If you find that the defendant lost control of his car and crossed over to the opposite or wrong side of the road and collided with an object that caused plaintiff's injuries, then that would be negligence, and if such negligence was the proximate cause—now you will apply that definition—of the collision, the plaintiff can recover damages for any injury she suffered if she is free from any negligence on her part that proximately contributed to produce her injuries."

It will be observed that the court stated as a rule of law that if the defendant lost control of his automobile and crossed over to the opposite or wrong side of the road and collided with an object and thereby injured the plaintiff, he was negligent and liable in the absence of contributory negligence. It was undisputed that the defendant did lose control, did cross over to the opposite side of the road, did collide with an object and that the plaintiff was thereby injured. It was equivalent to instructing that the defendant was negligent. On that theory of the law the only issues that should have been left to the jury would have been contributory negligence and the extent of the damage. But we do not understand that to be the law either of Ohio or of Kentucky, although involving adjective or procedural law, we understand the law of the forum to be controlling. It is not contended by anyone that under the Kentucky law, absolute liability is imposed. It requires the application of the rule of res ipsa loquitur.

In **Glowacki, a minor, v North Western Ohio Ry. & Power Co., 116 Oh St, 451,** the court held as stated in the first paragraph of the syllabus:

"The rule of res ipsa loquitur is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive manage-

ment and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts."

See also: **Scovanner v Toelke, 119 Oh St 256.**

In **Sherlock v Strouss-Hirshberg Co., 132 Oh St, 35**, the court stated in the syllabus that:

"Res ipsa loquitur is a rule of evidence and should not be expanded into a rule of liability."

See also: **Weller v Worstall, 129 Oh St, 596 and 29 O. Jur., 631 et seq.**

The mere fact that an automobile leaves the right side of the road and enters the left side is not sufficient to charge the driver with negligence as a matter of law. In **Kohn v Goodrich Co., 139 Oh St, 141**, it appears that the trial court had instructed the jury that the violation of §6310-17 GC, was negligence per se, without explaining what would constitute a violation. The Supreme Court held this was erroneous, and, at page 147, said:

"By this turn of affairs the defendant was in the predicament that it might be found guilty of negligence per se by violating the statute even though the skidding of the truck to the left of the center was beyond the power of the truck driver to prevent. A safety statute does not require the driver of a motor vehicle to do the impossible. **Kormos v Cleveland Retail Credit Men's Co., 131 Oh St, 471, 3 N. E. (2d), 427.** If, as defendant claims, it was impossible for the driver, traveling on the right of the roadway, to keep the truck from going to the left side, there would be no violation of §6310-17."

As this error related to the primary issue upon which the defendant's liability depended, it was so prejudicial that it cannot be disregarded. It requires a reversal of this judgment.

The judgment is reversed and the cause remanded for further proceedings according to law.

ROSS and HAMILTON, JJ., concur.