**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JAMES E. MCGUCKIN )
and AMANDA MCGUCKIN, )
)
Plaintiffs, )
)
v. )
)
PBF ENERGY, INC., PBF ENERGY )
COMPANY, INC., DELAWARE CITY )
REFINING COMPANY, LLC, PETER ) C.A. No. N25C-01-392 CLS
D.  FURNESS ELECTRIC )
COMPANY, INC., ABB, LTD D/B/A )
ABB, Inc., ROCKWELL )
AUTOMATION, INC., )
MCNAUGHTON-MCKAY )
ELECTRIC COMPANY, and MPW )
INDUSTRIAL WATER SERVICES, )
INC., )
)
Defendants. )

Submitted: June 30, 2025
Decided: September 29, 2025

**MEMORANDUM OPINION**

*Upon Consideration of Defendant McNaughton-McKay Electric Company's
Motion to Dismiss,*
**GRANTED**.

Christian G. Heesters, Esquire of SCHUSTER JACHETTI, LLP, *Attorney for Plaintiffs*.

Nathan D. Barillo, Esquire of COZEN O'CONNOR, *Attorney for Defendant McNaughton-McKay Electric Company*.

**SCOTT, J.**

This action arises from an explosion at an oil refinery. An employee and his wife brought tort claims against numerous defendants. One of the named defendants now moves for dismissal for failure to state a claim. For the reasons stated below, that motion is **GRANTED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. THE PARTIES

Plaintiffs James E. McGuckin, II ("Mr. McGuckin") and Amanda McGuckin ("Mrs. McGuckin") are spouses residing in Delaware.[2]

Defendant McNaughton-McKay Electric Company ("McNaughton") is a Michigan corporation that conducts business in Delaware.[3]

### B. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2023, Mr. McGuckin was working at the oil refinery located at 4550 Wrangle Hill Road, Delaware City, Delaware.[4] An MPW Industrial Water Services, Inc. ("MPW"), manager allegedly instructed Mr. McGuckin to manually reset a circuit breaker of a Reverse Osmosis ("RO") machine located in a trailer.[5] The RO machine carries a Variable Frequency Drive ("VFD") which "controls the speed and torque of an electric motor by varying the frequency and voltage of its

---

[1] All facts are drawn from the allegations in the Complaint and are assumed to be true for the purposes of this Motion to Dismiss. *See* D.I. 1, Complaint ("Compl.").
[2] *Id.* ¶ 1.
[3] *Id.* ¶ 8.
[4] *Id.* ¶¶ 10, 30.
[5] *Id.* ¶¶ 33–34.

power supply."[6] After entering the trailer and opening the door to the circuit breaker panel for RO machine number 341, an electrical explosion occurred, resulting in injuries to Mr. McGuckin.[7]

Plaintiffs allege that McNaughton, in addition to Peter D. Furness Electric Company, Inc. ("Furness"), ABB, Inc., Rockwell Automation, Inc. ("ABB"), "and/or" MPW, "designed, manufactured, distributed, installed, and/or maintained electrical systems, electronic equipment, electrification and automation products, digital technologies, and/or other machinery located at the" oil refinery.[8]

Two years later, on January 23, 2025, Plaintiffs brought this action against multiple defendants, including McNaughton.[9] McNaughton now moves to dismiss all claims against it.[10] Plaintiffs oppose dismissal on all grounds except for Count V for strict products liability.[11] Both parties submitted their relevant pleadings,[12] and the matter is ripe for decision.

---

[6] Compl. ¶ 14.

[7] *Id.* ¶¶ 33–34.

[8] *Id.* ¶ 12.

[9] *See generally* Compl.

[10] *See generally* Defendant McKay-McNaughton Electric Co.'s Motion to Dismiss, D.I. 32 ("MTD").

[11] *See generally* Plaintiffs' Response to Defendant McKay-McNaughton Electric Co.'s Motion to Dismiss at 2, 9, D.I. 48 ("Resp. to MTD").

[12] *See generally* MTD; Resp. to MTD.

## STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[13] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[14] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from its pleading."[15]

## DISCUSSION

The Complaint is messy. Of the six counts in the Complaint, Counts I, V, and VI name McNaughton as a defendant but commingle several *mens rea*: negligence, recklessness, intentional tortious conduct, strict products liability, and loss of consortium.[16] McNaughton asserts that the claims against it are "boilerplate," conclusory and overbroad, thus failing to meet the liberal pleading standard under Rule 12(b)(6).[17] On the other hand, Plaintiffs proffer that the Complaint "gives

---

[13] *See ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[14] *Id.* (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[15] *TrueBlue, Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).

[16] *See generally* Compl.

[17] MTD at 3.

general notice as to the nature of the claim."[18]  The Court first briefly addresses Count V.

## A. COUNT V IS DISMISSED.

For Count V, the Complaint states that "Plaintiff is entitled to damages from Defendants based on the doctrine of strict liability in tort."[19]  McNaughton argues Count V should be dismissed and Plaintiffs do not oppose.  "In Delaware the 'remedies for a sale of products in products liability cases are confined to sales warranty law, with no remedy outside the UCC.'"[20]  Thus, Count V is **DISMISSED**.

## B. COUNTS I IS DISMISSED.

Given that the Complaint combines various *mens rea* into one count, the Court addresses each in turn, beginning with negligence.

Count I of the Complaint asserts that McNaughton, among other defendants, acted negligently, recklessly, "and/or" intentionally by failing to maintain, inspect, warn, and otherwise prevent injury to Plaintiffs despite that the named defendants knew or should have known of an "imminent problem with RO341's VFD overheating due to triggering of its alarm multiple times a week."[21]

---

[18] Resp. to MTD at 10.
[19] Compl. ¶ 72.
[20] *Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 124 (Del. Super. Ct. 2014) (citing *White v. APP Pharm., LLC,* 2011 WL 2176151, at *2 (Del. Super. Apr. 7, 2011)).
[21] Compl. ¶ 45(a)–(p).

## 1. The Complaint Does Not Assert a Cognizable Legal Duty.

McNaughton argues that Plaintiffs failed to plead that McNaughton owed them a duty and that the allegations lack the particularity required by Superior Court Civil Rule 9(b) for negligence. Plaintiffs argue that the allegations sufficiently state that McNaughton, as the "manufacturer (and/or designer, distributor, installer)," had a duty to warn because "McNaughton knew that RO341 was inherently dangerous because it required a transformer to operate safely and [it] did not have a transformer."[22]

All negligence claims under Delaware law must be pled with particularity under Superior Court Civil Rule 9(b). To state a claim for negligence, the plaintiff must allege that: (1) the defendant owed the plaintiff a duty, (2) breach of that duty (3) causation, and (4) damages.[23] "If any one of these elements is missing, the claim cannot succeed."[24] "A complaint relying on conclusory allegations of negligence warrants dismissal."[25]

Plaintiffs' position is confusing because they argue that a manufacturer's duty to warn is alleged, but that is not on the face of the Complaint. The Complaint claims that McNaughton, among other defendants, "had a duty to properly maintain

---

[22] Resp. to MTD at 10–11.
[23] *Culver v. Bennett*, 588 A.2d 1094, 1096–97 (Del. 1991).
[24] *O'Rourke v. PNC Bank*, 2022 WL 588089, at *3 (Del. Super. Feb. 15, 2022).
[25] *In re Zantac (Ranitidine) Litigation*, 2025 WL 1707530, at *1 (Del. Super. June 16, 2025) (citing *Travelers Casualty and Sur. Co. of Am. v. Blackbaud, Inc.*, 2024 WL 1298762, at *12 (Del. Super. Mar. 27, 2024)).

Defendants' Premises, including RO341 and the electrical systems and devices contained in the RO341 trailer, in a reasonably safe condition for persons lawfully present on Defendants' Premises, including [Mr. McGuckin]."[26]  The Complaint goes on to state the failures contributing to the breach of this duty.[27]

"As a general proposition, a defendant will not be held liable for injuries that occur on real property unless the defendant owns, possesses or otherwise exercises actual control of the premises."[28]  The Court finds that McNaughton is not alleged to be a premises defendant.  The Complaint pleads that,

> 16. Around October and/or November 2022, RO Machine 341 ("RO341") was assembled, at least in part, by MPW employees at the MPW factory in Ohio and then transported to the Refinery located in Delaware, where final wiring, hookup, and installation were performed and supervised by a combination of employees from defendant MPW, defendant Furness, and/or Refinery Defendants.
>
> 17. At all times following installation of RO341 at Defendants' Premises, the Refinery Defendants, defendant Furness, and defendant MPW, through their employees, agents, and/or contractors, collectively owned, operated, managed, maintained, and/or controlled the trailer containing RO341 at Defendants' Premises, including RO341 itself and all its attendant electrical parts and machinery.[29]

The "Refinery Defendants" include "PBF Energy, Inc., PBF Company Energy, Inc., and/or Delaware City Refining Company, LLC[.]"[30]  The Defendants' Premises is

---

[26] Compl. ¶ 37.
[27] Compl. ¶ 45(a)–(p).
[28] *In re Benzene Litig.*, 2007 WL 625054, at *9 (Del. Super. Feb. 26, 2007) (citing *Handler Corp. v. Tlapechco*, 901 A.2d 737, 740–41 (Del. 2006)).
[29] Compl. ¶¶ 16, 17.
[30] *Id.* ¶ 11.

defined as "the property and oil refinery located at 4550 Wrangle Hill Road, Delaware City, Delaware[.]"[31] There are also no assertions that McNaughton had control of resetting the circuit breaker or instructing Mr. McGuckin to do so manually at the time of his injuries.[32]

Although unclear, it seems that Plaintiffs name McNaughton as a defendant for their role as a manufacturer or designer of the RO machine. Aside from a blanket statement in Paragraph 12 of the Complaint that numerous defendants were involved with the RO machine, McNaughton is not alleged to have installed or otherwise controlled the RO machine. But Plaintiffs do not provide authority that imposes a duty on manufacturers to maintain a product in reasonably safe condition after the product has left their control. Accordingly, Plaintiffs fail to assert a cognizable legal duty as it pertains to McNaughton under the facts of this case.

Despite Delaware's liberal pleading standard, the purpose of Rule 9(b) is "to apprise the defendant of the acts or omissions upon which the alleged harm is predicated, so that the defendant may have a fair opportunity to meet such facts and prepare his defense."[33] Plaintiffs' pleading is conclusory as it simply lumps McNaughton in with various other defendants without alleging specific conduct by

---

[31] Compl. ¶ 11.

[32] *Id.* ¶¶ 30–34.

[33] *Brewington v. Kent Gen. Hosp., Inc.*, 1986 WL 4851, at *1 (Del. Super. Apr. 22, 1986) (internal citations omitted).

McNaughton that led to Mr. McGuckin's injuries.  Therefore, the Complaint fails to plead an element required to state a negligence claim under Delaware law.

### 2. The Allegations Against McNaughton Do Not Reflect Reckless or Intentional Conduct.

Since Plaintiffs fail to plead a claim for negligence, the allegations against McNaughton cannot amount to reckless or intentional conduct. Under Delaware law, reckless is defined as "a knowing disregard for a substantial and unjustifiable risk."[34] Intentional conduct is "conduct that a person undertook with a knowing desire or with a conscious objective or purpose."[35]  Plaintiffs' claims against McNaughton do not reflect reckless or intentional conduct because there was no duty for McNaughton to maintain the RO machine after the machine was no longer in its control.  Thus, Count I is **DISMISSED.**

### C. COUNT VI IS DISMISSED.

Count VI of the Complaint does not assert an independent cause of action, but avers that because of "the aforesaid negligent reckless, and/or willful and wanton conduct of Defendants," Plaintiffs have suffered various injuries.[36]  McNaughton challenges the allegations on the same grounds as Count I and claims that Plaintiffs have no right to punitive damages, attorney's fees, or loss of consortium.

---

[34] *Urban Concepts, LLC v. Gruber*, 2023 WL 4423978, at *4 (Del. Super. July 7, 2023) (quoting Del. P.J.I. Civ. § 5.9 (2000)) (internal quotation marks omitted).
[35] *Urban Concepts, LLC*, 2023 WL 4423978, at *4 (quoting Del. P.J.I. Civ. § 5.8 (2000)) (internal quotation marks omitted).
[36] Compl. ¶¶ 73–78.

For the reasons stated above, the Court concludes that the Complaint fails to allege facts that McNaughton was negligent or reckless. Likewise, the Court also finds that Plaintiffs' allegations do not raise an inference that McNaughton was wanton or willful. "For defendant's conduct to be found wil[l]ful or wanton the conduct must reflect a 'conscious indifference' or 'I don't care' attitude."[37] If a defendant's conduct is found to be willful or wanton, an injured party can recover punitive damages.[38] Again, as to McNaughton specifically, there are no allegations that McNaughton had control over the RO machine or the events leading to Mr. McGuckin's injuries such that McNaughton exhibited an "I don't care" attitude. Consequently, as to McNaughton, Plaintiffs cannot recover punitive damages.

### 1. Plaintiffs Fail to State a Legally Valid Claim for Attorney's Fees Under the American Rule.

Under Count VI, Plaintiffs' prayer for relief seeks recovery of attorney's fees. McNaughton argues that attorney's fees are not recoverable under the American Rule. "Delaware follows the 'American Rule' in awarding attorney's fees, which provides that 'a litigant must, himself, defray the cost of being represented by counsel.'"[39] A party may, however, be awarded attorney's fees if: (1) authorized by law; (2) they are contractually provided for; (3) a party acted in bad faith; (4) a

---

[37] *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983) (citing *Eustice v. Rupert*, 460 A.2d 507 (1983)).

[38] *Cloroben*, 464 A.2d at 891 (citing *Riegal v. Aastad*, 272 A.2d 715, 718 (Del. 1970)).

[39] *In re Del. Pub. Sch. Litig.*, 312 A.3d 703, 715 (Del. 2024) (internal citations omitted) (internal quotation marks omitted).

party disregards a Court Order or is held in contempt;  or (5) under the common benefit doctrine.[40]

Plaintiffs argue that discovery may reveal a contract, statute, or facts that show an exception applies.[41]  The Court disagrees and "resist[s] [an] invitation to avoid early scrutiny of pleadings amidst promises that discovery will put flesh on the bare bones of a complaint."[42]  The Complaint does not give rise to any facts that warrant a departure from the American Rule and Plaintiffs do not state a legally valid claim that attorney's fees are recoverable.

### 2.  The Loss of Consortium Claim is Dismissed.

Finally, Count VI also includes a claim for loss of consortium for injuries suffered by Mrs. McGuckin because of Mr. McGuckin's injuries.  Because a loss of consortium claim is "wholly derivative from the claim of the husband for personal injury[,]"  Mrs. McGuckin does not have a valid claim against McNaughton as the facts fail to state a claim for Mr. McGuckin's injuries.[43]  Thus, Count VI is **DISMISSED**.

---

[40] *Id.*
[41] Resp. to MTD at 16.
[42] *In re Benzene Litig.*, 2007 WL 625054, at *8.
[43] *Folk v. York-Shipley, Inc.*, 233 A.2d 451, 453 (Del. Super. 1967) (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant McNaughton-McKay Electric Company's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*
Judge Calvin L. Scott, Jr.